JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1158 PA (OPx) | Date | August 23, 2010 |
|---|---|---|---|
| Title | Oscar Enrique Archila v. C.R. England, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None      None

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendants C.R. England, Inc. and Jeremy M. Willis (collectively "Defendants") on August 10, 2010. Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). An allegation that a person is domiciled in a particular state is not sufficient to allege that the person is a citizen of that state, absent an allegation that the person is a citizen of the United States. Id. United States citizenship is a necessary element of state citizenship for purposes of establishing diversity jurisdiction. Id. at 1091.

    Defendants' Notice of Removal alleges that plaintiff Oscar Enrique Archila ("Plaintiff") is a citizen of California because he is domiciled in California. Defendants' allegation is based on Plaintiff's interrogatory answers, which state that Plaintiff has resided in California since 1992. While such answers may establish that Plaintiff is domiciled in California, they do not establish United States

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1158 PA (OPx) | Date | August 23, 2010 |
|---|---|---|---|
| Title | Oscar Enrique Archila v. C.R. England, Inc., et al. | | |

citizenship, and there are no allegations that Plaintiff is a United States citizen. Indeed, since Plaintiff's interrogatory answers also state that he was born in Guatemala, the Court has reason to doubt that Plaintiff is a United States citizen. Absent further information, Defendants have failed to meet their burden to establish Plaintiff's California citizenship.

Because the Notice of Removal does not contain sufficient allegations concerning citizenship, Defendants have not met their burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Riverside County Superior Court, Case No. 090779 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.